[Civ. No. 7775. First Appellate District, Division One.—October 28, 1932.]

HUBERT T. LYNCH, Appellant, v. HERMANN BOSCH, Respondent.

Edward J. Lynch for Appellant.

Jeremiah V. Coffey, Edw. I. Coffey, Coffey & Coffey and John O'Gara for Respondent.

THE COURT.—Action to recover profits earned in a joint venture.

Defendant had procured a contract to furnish the materials and perform the labor necessary for the work of furring, lathing and plastering a certain thirteen-story steel and concrete structure. The amount to be paid defendant for the entire work, unsegregated, was the lump sum of $43,200, subject to increase or diminution in case of changes in the plans and specifications. After obtaining said contract defendant invited plaintiff, with whom he had former transactions, to join him as a partner in the performance of the part of the contract relating to the furring and lathing (excluding the plastering). Plaintiff

accepted the offer and this portion of the contract was performed by them. The agreement between the parties was not reduced to writing, and after the work was finished a dispute arose between them as to the terms of the agreement relative to their joint adventure. Being unable to adjust their differences, the present action followed.

It was the claim of plaintiff at the trial that defendant agreed they should be paid a definite sum for the work, to wit: eighty-five cents a square yard. Defendant, on the other hand, claimed that no specified price was fixed for yardage; but that on the contrary the parties were merely substituted in the place of defendant in that portion of the contract relating to the furring and lathing, and were to receive therefor a fair and reasonable proportion of the total amount to be paid under the entire contract.

The trial court made an express finding in negation of plaintiff's claim, and found in accordance with the claim of the defendant, its finding in this latter respect being as follows: "That said plaintiff and defendant were to receive for said furring and lathing work a fair and reasonable proportion of the contract price provided for in said contract awarded to defendant for the plastering, furring and lathing of said building, subject to additions and deductions; that the fair and reasonable cost of the labor and of the materials required in performing said furring and lathing work was to be deducted therefrom; and that the balance remaining as profits should be divided equally between said plaintiff and defendant. That said plaintiff and defendant undertook said furring and lathing work as a joint venture." It further found that the total amount of furring and lathing done was 17,648 square yards and that "the fair and reasonable proportion of the contract price to be allowed for furring and lathing under the contract awarded to defendant" was $13,629, after allowing for all additions and deductions; that the sum of $11,619.92 was expended by the parties in performing the work, leaving a net profit of $2,009.08 to be divided between the parties, or the sum of $1,004.54 for each; that appellant had already been paid the sum of $862.04 and that consequently there was a balance due him of $142.50, for which amount he was given judgment. Being dissatisfied with the amount awarded he has taken this appeal.

The findings as to the amount of yardage and the sums expended in performing the work are not challenged, but it is contended that the main finding above quoted as to the terms of the agreement between the parties is wholly unsupported. Conceding that the evidence relating to this subject is somewhat meager, we are not prepared to hold as plaintiff claims that there is no evidence whatever in the record to support the conclusion arrived at by the trial court. As mentioned, it appears from the evidence that prior to the transaction in question here the parties had done similar work on other jobs under like arrangements. One of the jobs so performed was the furring and lathing of a certain building connected with St. Mary's Hospital, which was just about completed at the time the parties entered into the present transaction. There, as here, defendant took an unsegregated contract for the furring, lathing and plastering of the building, and afterward entered into a partnership arrangement with plaintiff whereby they agreed to perform the work of furring and lathing (excluding the plastering) for a reasonable proportion of the contract price for the entire work; and as a result of such arrangement they received for their work an average of eighty-five cents a square yard. Having in mind the result of that venture, the defendant, after obtaining the unsegregated contract for the furring, lathing and plastering of the building here involved, said to plaintiff, according to his testimony: "Now, Hubert, I also have the furring and lathing on the Marine View Apartments. I can tell you beforehand it is very peppy and speedy; I have a powerful contract to be completed within sixty days. I do think that the furring and lathing you done before was not a bad price; he did that, and averaged around 85 cents. And if you, Hubert T. Lynch, will go in this work in the same manner as we are doing our previous work at St. Mary's Hospital, you are perfectly welcome to do it. I afterwards said I can encourage you in the following way: That I bought the metal lath rather reasonable, and bought the iron rather reasonable, I told him the price: That metal only 17 cents and the iron $54.00, and I think Hubert, I do think I have—I do think I have a fairly good price for the furring, and we will do the same as on the St. Mary's Hospital. The plaintiff stated some such words

that he would be willing to swim or sink with me; to win and lose with me." He further testified that for the furring and lathing on the present job he apportioned the sum of $13,570 (which with subsequent additions brought the sum up to $13,629), and that he based such apportionment on the contract price for the entire work after having deducted therefrom approximately $29,650 for the cost of plastering. Furthermore he stated that the amount apportioned for the furring and lathing was "a very good price" because it resulted in a net profit on the work of more than sixteen per cent; whereas he lost money on the plastering; and he positively denied ever having agreed to allow eighty-five cents a square yard for the work or any other sum based on yardage. The evidence also showed that although the sum apportioned for the work on the job at St. Mary's Hospital amounted to only twenty-one per cent of the entire contract price, the sum apportioned here for the same work amounted to more than thirty-one per cent of the entire contract price.

It is true, as plaintiff points out, in the conversation hereinabove quoted, defendant mentioned the fact that the parties had "averaged around 85 cents" on the St. Mary's Hospital job (which if allowed here would have added approximately $685 to plaintiff's share of the net profits). But in the light of the entire conversation and the other facts and circumstances connected with the transaction, as shown by the evidence, including the matter of the cost of materials, etc., we think it would be a strained construction to hold as appellant claims we should that by the use of the words above quoted defendant agreed to allow eighty-five cents a square yard for the work to be performed under the present contract.

The judgment is affirmed.